UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF EARLVIN
TODD NEAL, by and
through its personal
representative Angela
Mica Neal,

    Plaintiff,

v.　　　　　　　　　　　CASE NO.   8:03-CV-247-T-17MAP

PINELLAS COUNTY
SHERIFF'S OFFICE,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 136 Report and Recommendation
Dkt. 19 Motion for Summary Judgment
Dkt. 70 Motion for Summary Judgment

This case is a multi-count complaint as follows: 1) Count I - violation of 42 U.S.C. Sec. 1983 as to Michael Borland; 2) Count II - violation of 42 U.S.C. Sec. 1983 as to Pinellas County Sheriff's Office and Sheriff Everett S. Rice; and 3) Count III - Negligence as to Pinellas County Sheriff's Office.

The assigned Magistrate Judge conducted oral argument and issued a Report and Recommendation which recommended that the Motions for Summary Judgment be granted as to Counts I and II, and that Count III be dismissed without prejudice and remanded to state court.

Case No. 8:03-CV-247-T-17MAP

Rule 72(b) requires that the Court review <u>de</u> <u>novo</u> any portion of the Report and Recommendation to which an objection has been filed.

I. Wrong Legal Standard - Fleeing Felon

Plaintiff argues that reliance on the "fleeing felon" test is erroneous in determining whether Deputy Borland is entitled to qualified immunity.

The Court overrules the objection based on the facts of this case. The facts have been set forth in detail in the Report and Recommendation. One fact is crystal clear. Earlvin Neal complied with the directions of law enforcement officers to stop, and then decided not to comply. Earlvin Neal accelerated the truck toward Deputy Borland.

The Court finds that Earlvin Neal employed the automobile as a deadly weapon to commit an aggravated assault on the law enforcement officers while attempting to escape their detention and control with respect to suspected drug dealing, notwithstanding the commands to surrender. <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

II. Use of Deadly Force Unreasonable as a Matter of Law

Plaintiff argues that Deputies Borland and Miller had no reason to fear for their safety and should not have approached Earlvin Neal with their guns drawn and aimed at him.

Case No. 8:03-CV-247-T-17MAP

After consideration, the Court overrules this objection based on the facts of this case. The Court is required to evaluate the facts immediately at hand before the application of the questioned force, from the perspective of the law enforcement officer at the scene. The law enforcement officers were at the subject address to investigate drug dealing. The investigation did not go as planned. Based on the facts, the Court finds that the decision to approach with guns drawn was reasonable under all the circumstances. No harm came to Earlvin Neal based on the approach with weapons drawn.

It is undisputed that the law enforcement officers approached Earlvin Neal with weapons drawn, and the presence of the weapons did not deter Earlvin Neal from disobeying a clear order to stop. Earlvin Neal's death was caused by his own decision to flee after being given clear orders to stop by police officers attempting to investigate the commission of drug crimes.

III. Use of Deadly Force in Light of Specific Facts

Plaintiff argues that there are genuine issues of material fact as to the following:

A. Reasonable officer in Deputy Borland's position would have concluded he was in the truck's path.

B. Reasonable officer in Deputy Borland position's would have concluded he could not evade the truck without taking deadly action against driver.

C. Impossible for Deputy Borland to stop and assess the risk Mr. Neal presented in between firing shots

3

Case No. 8:03-CV-247-T-17MAP

The Court overrules Plaintiff's objection. In <u>Robinson v. Arrugueta</u>, 415 F.3d 1252 (11th Cir. 2005), the Eleventh Circuit Court of Appeals said:

> "Though the facts must be taken in the light most favorable to Robinson, the determination of reasonableness must be made from the perspective of the officer.
>
> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight...The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly evolving--about the amount of force that is necessary in a particular situation.

See <u>Menuel v. City of Atlanta</u>, 25 F.3d 990, 996 (11th Cir. 1994).

After consideration, the Court concludes that a reasonable officer could have perceived that Earlvin Neal was using his truck as a deadly weapon, even if in hindsight the facts show that perhaps Deputies Borland and Miller could have escaped unharmed.

IV. Use of Deadly Force Not Justified

Plaintiff argues that there is an issue of fact as to whether Deputy Borland unreasonably placed himself in a position that he claims forced him to use deadly force. Plaintiff relies on the expert opinion of Lou Reiter. Plaintiff further argues that there is an issue as to whether the officers identified themselves as police officers.

4

Case No. 8:03-CV-247-T-17MAP

After consideration, the Court overrules Plaintiff's objection. The Court must take into account that the police officers were on foot confronting a suspect in a motor vehicle, and the dangers attendant to that situation. The Court has also noted the "tense, uncertain and rapidly evolving" aspect of this case. The Court has already found that the police officers were justified in stopping Earlvin Neal. Earlvin Neal complied with the officers' directions, and then decided not to comply. Deputy Miller tried to prevent Earlvin Neal from restarting his truck after it stalled, but Earlvin Neal restarted the truck, revved it, and accelerated toward Deputy Borland. There is no evidence that _after_ the truck started moving Deputy Borland put himself in front of it. In addition, the undisputed evidence is that the police officers identified themselves (Dkt. 140, p. 66).

VI.  Policy of Sheriff's Office

The Court has overruled Plaintiff's objections to the Report and Recommendation, and the Court will adopt it. The Court will grant Deputy Borland's Motion for Summary Judgment on the basis that Plaintiff cannot prove that Deputy Borland violated Earlvin Neal's constitutional rights. The Court finds that there was no excessive force based on the facts of this case, that the existence of police practices as to how to safely approach a motor vehicle have no bearing on the factual situation of this case, and that there was probable cause to stop Earlvin Neal's vehicle.

Case No. 8:03-CV-247-T-17MAP

Since Deputy Borland is entitled to entry of summary judgment, the Sheriff's Office is also entitled to entry of summary judgment on the custom and practice, failure to train and deliberate indifference claims.

VII. Motion to Strike

The Motion to Strike was denied (Dkt. 135). Accordingly, it is

ORDERED that the Report and Recommendation is **adopted** and incorporated herein by reference. Defendant Borland's Motion for summary judgment as to Count I is **granted,** and the Motion for Summary Judgment of Defendant Pinellas County Sheriff's Office as to Count II is **granted**. The Court declines to exercise jurisdiction over the state claim in Count III, and dismisses it without prejudice. The Clerk of Court shall enter judgment for Defendants and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 31st day of March, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

6